## RICE, STIX & CO. v. PERTUIS.

ATTACHMENT:   *Shipping cotton out of the State.*

Shipping cotton by a debtor of this state to a creditor in another state in payment of a debt in good faith and without fraudulent intent, will not authorize an attachment against the debtor's property, even if he be in failing circumstances.

APPEAL from *Lincoln* Circuit Court.

HON. X. J. PINDALL Circuit Judge.

*Cunningham,* for appellant.

ENGLISH, C. J. On the 15th December 1880, Rice Stix & Co., commenced an action by attachment, in the Circuit Court of Lincoln county, against Thomas L. Pertnis; the complaint alleging, in substance, that defendant was indebted to plaintiffs in the sum of $423.16 for goods, wares and merchandise sold to him by them, 3rd of September 1880, payable on the 3rd of January 1881.

The complainant also made the following allegations:

"That said defendant, Thomas L. Pertnis, has sold conveyed or otherwise disposed of his property with the fraudulent intent to cheat, defraud, hinder or delay his creditors in the collection of their debts; that he is about to make such fraudulent sale, conveyance or disposition of his property with such fraudulent intent; and that he has and is about to remove a material part of his property out of this State, with the intent and to the effect of cheating, hindering or delaying his said creditors, in the collection of their said debts."

The complainant was sworn to by an agent of plaintiffs. A writ of attachment was issued and returned by the Sheriff as levied upon a stock of merchandise of defendant's, of the estimated value of $3,815.80.

In vacation, after the return of the writ, an attorney

of plaintiff's filed an affidavit affirming the allegations of the complainant, and stating that defendant immediately preceding the 15th of December 1880, had removed a material part of his property out of this State, not leaving enough therein to satisfy the claims of his creditors.

At the August term 1881, defendant moved to quash the attachment, on the ground that plaintiffs did not, at the commencement of the suit, file the affidavit required by law. The court overruled the motion because, before it was made, plaintiffs had filed an amended affidavit in vacation.

Defendant then filed an affidavit denying each and all of the grounds for attachment stated in the complaint and in the amended affidavit, and the issue was submitted to the court.

The plaintiffs called the defendant as witness, who testified, in substance, that he made the following shipments of cotton from Pine Bluff to T. A. Gleason, of New Orleans, La.

On the 15th October 1880............................... 1 bale.
On the 29th    "    "    ............................. 3 bales.
On the 3d November "    ............................. 2    "
On the 10th    "    "    ............................. 3    "

That Gleason sold the cotton, and applied the proceeds to the credit of witness as shown by accounts of sales produced in evidence. That he was indebted to Gleason at the time the cotton was shipped, in the sum of $1100.00, he having advanced to witness money to that amount in the Spring of 1880, upon an agreement that he was to ship him cotton in the fall to pay him, the cotton to be sold on commission and the net proceeds placed to the credit of the witness. That he shipped no other cotton than as stated above.

He then proceeded to state the amount of his indebt-

edness to all his creditors, and the amount and character of his assets at the time the attachment was sued out, showing the latter to be greater than the former.

In answer to a question asked by the court, he stated that he had shipped the cotton to pay the debt, of Gleason in good faith, and without any intention to defraud any of his creditors, to which question and answer, plaintiff objected and excepted.

Witness then stated what sums he had paid to other creditors in the fall of 1880, and among them to plaintiffs $50.

The sheriff stated the value of the goods attached as shown in his return, and no other witness was examined.

The bill of exception states that the plaintiffs asked a declaration of law, which the court refused, and they excepted. The clerk, in a note, states that this declaration was not copied, because not found among the papers.

The court found the facts to be, that "the defendant shipped nine bales of cotton to New Orleans to a *bona fide* creditor in payment of a debt, in good faith, and without fraudlent intent."

And the court declared the law to be as follows :

"A debtor shipping cotton to a *bona fide* creditor in La., in payment of a debt in good faith, and without fraudulent intent, will not sustain an attachment, even if the debtor is in failing circumstances."

The court found the issue as to the truth of the grounds for attachment in favor of defendant, and discharged the attachment, and the suit having been commenced before the maturity of the debt, the court dismissed it.

The matter of damages being submitted to the court, defendants damages for wrongful suing out of the at-

tachment, were assessed at $100, and judgment rendered accordingly;

Plaintiffs moved for a new trial on the issue as to the truth of the grounds of attachment and assigned as causes :

1.   That the court erred in its conclusion of facts.

2.   In its declaration of law.

3.   In refusing the declaration of law asked by plaintiffs.

4.   In permitting the defendant to testify that he shipped the cotton to Gleason to pay his debt in good faith, and without any intention to defraud his creditors.

The court overruled the motion for a new trial, and plaintiffs took a bill of exceptions, and appealed.

When the debtor "is about to remove his property, or a material part thereof, out of the state, with the intent or effect, of cheating or defrauding his creditors, or of hindering or delaying them in the collection of their debts," the statute makes it ground for attachment before the creditors claim is due. *Gantt's Digest, Sec.* 437. *clause third.*

The amended affidavit states "that defendant immediately preceding the 15th December 1880 (the time the attachment was sued out) had removed a material part of his property out of this state, not leaving enough therein to satisfy the claims of his creditors."

This affidavit omitted the material words of the statute "with the intent or to the effect of cheating or defrauding his creditors," &c., but if aided by the sworn allegations of the complaint, the declaration of law made by the court, upon its conclusion of facts, which was warranted by evidence, was correct.

Affirmed.